# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

ROY WILSON,                               )
                                          )
      Plaintiff,                        )
                                          )
VS.                                       )      No. 18-1174-JDT-cgc
                                          )
TRUDY POWELL, ET AL.,                     )
                                          )
      Defendants.                       )

_____

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

_____

On September 10, 2018, Plaintiff Roy Wilson, who is incarcerated at the

Whiteville Correctional Facility (WCF) in Whiteville, Tennessee, filed a *pro se* civil

complaint and a motion to proceed *in forma pauperis* in the U.S. District Court for the

Middle District of Tennessee. (ECF Nos. 1 & 2.) An order was issued by U.S. District

Judge William L. Campbell granting leave to proceed *in forma pauperis* and assessing

the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C.

§§ 1915(a)-(b). (ECF No. 4 at PageID 30-31.) Judge Campbell also transferred the case

to this district, where venue is proper. (*Id.* at PageID 31-32.) The Clerk shall record the

Defendants as Sergeant Trudy Powell, the WCF Disciplinary Board Chairman; WCF

Warden Arvil Chapman; and Case Manager First Name Unknown Billingsly.

In his complaint, Wilson alleges that on February 23, 2018, he was charged with several disciplinary offenses. He was placed in segregation pending a hearing, which was held on March 8, 2018. At that hearing, the prison disciplinary board found Wilson guilty of an infraction involving the sale, possession and/or use of drugs. He remained in segregation for another seven or eight days and then was released back to the general population. (ECF No. 1 at PageID 7.) Wilson further alleges that as a result of the conviction he lost both his prison job and good behavior credits. (*Id.* at PageID 8 n.2.)

Wilson alleges that he filed an appeal of his disciplinary conviction to the Warden "a day or two" after he was released from segregation, which he asserts was within the fifteen-day time limit for filing an appeal. (*Id.* at PageID 7.) On May 22, 2018, Wilson allegedly spoke with Warden Chapman and inquired about his appeal; however, the Warden stated he had not seen an appeal from Wilson and had no knowledge of it. Wilson allegedly told Chapman that Defendant Powell had refused to tell him the status of the appeal and also had refused to provide him with another appeal form. Wilson alleges that Powell also ordered Defendant Billingsly not to give Wilson another appeal form. (*Id.* at PageID 8.)

After Wilson spoke to Warden Chapman, Powell allegedly told Wilson not to do anything else about his appeal but to allow her time to locate it. However, as of June 5, 2018, Wilson had heard nothing more from Powell. (*Id.*)

Wilson alleges that Powell, as the Disciplinary Board Chairman, failed to comply with certain specific disciplinary procedures established by the Tennessee Department of Correction (TDOC) and thus violated his right to procedural due process. (*Id.* at PageID

2

8-9.)  He further alleges that Powell convicted him of the offense maliciously because she learned his cellmate had entered a guilty plea to the same offenses; Wilson contends he should not have been punished for another inmate's misconduct.  (*Id.* at PageID 9.)

Wilson requests that his disciplinary conviction be vacated and the charge dismissed as well as various other injunctive relief.  He also seeks monetary damages. (*Id.* at PageID 11.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also*

*Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for

failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Wilson's complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Wilson's allegation that Defendant Powell failed to follow TDOC administrative policies governing disciplinary proceedings does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). Section 1983 does not provide a remedy for violation of state laws or regulations. *Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate.").

A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Pusey v. City of Youngstown*, 11 F.3d 652, 656 (6th Cir. 1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement to punitive segregation, the loss of package privileges, fines, and restitution generally do not constitute an atypical and significant hardship in the context of prison life. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). An increased security classification also

does not constitute an atypical and significant hardship. *See Workman v. Wilkinson*, 23 F. App'x 439, 440 (6th Cir. 2001) (citing *Sandin*, 515 U.S. at 484).[1]

The loss of good time or sentence credits imposed as punishment for a disciplinary infraction, however, generally will implicate a liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974); *see also Guile v. Ball*, 521 F. App'x 542, 544 (6th Cir. 2013). In *Wolff*, the Supreme Court set out the minimum due process that must be afforded a prisoner who is charged with a disciplinary offense that may result in the loss of good time or sentence credits. In those instances, due process requires the prisoner be provided: (i) written notice of the charges at least twenty-four hours prior to the hearing, 418 U.S. at 563-64; (ii) the opportunity to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," *id.* at 566; and (iii) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action, *id.* at 564.

Wilson does not allege he was denied proper notice of the charges, the opportunity to call witnesses or present evidence, or a written statement of the evidence and reasons for the conviction. Instead, he alleges that he was denied the opportunity to appeal in accordance with TDOC regulations. However, administrative appeals of prison disciplinary convictions are not part of the due process rights afforded to prisoners. *See*

---

[1] In this case, Wilson was confined to segregation for approximately twenty-two days, which is not a significant amount of time. Therefore, he has no liberty interest based on that confinement alone. *See Sarmiento v. Hemingway*, 93 F. App'x 65, 66 (6th Cir. 2004) ("Generally, unless placement in disciplinary confinement is . . . for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case.")

*Boles v. Weist*, No. 87-1862, 1988 WL 58866 (6th Cir. June 10, 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction."); *see also Lowe v. Stockey*, 36 F. App'x 353, 360 (10th Cir. 2002) (prisoner who alleged prison officials lost his appeal of his disciplinary conviction failed to state a due process claim because there is no Fourteenth Amendment right to such an appeal); *Blair v. Thompson*, No. 5:16-CV-P35-TBR, 2017 WL 161638, at *2 (W.D. Ky. Jan. 13, 2017) (collecting cases).

Wilson's contention that Powell convicted him maliciously because she found out his cellmate pled guilty to the same offense also fails to state a claim. A prisoner does not have a due process right to be free of false disciplinary charges. *See Person v. Campbell*, 182 F.3d 918 (Table decision), 1999 WL 454819, at *1 (6th Cir. June 21, 1999). Furthermore, Wilson cannot obtain money damages in this § 1983 action for the allegedly wrongful conviction because success on his claim in this case "would necessarily demonstrate the invalidity" of that disciplinary conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

For the foregoing reasons, Wilson's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be

afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Wilson's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Wilson in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Wilson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Wilson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Wilson is instructed that if he

wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Wilson, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE